**Barbara DOE, Plaintiff,**

v.

**The STATE OF MONTANA, acting By and Through the AGENCY OF the DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES and the Department of Revenue, and the County of Flathead, a political subdivision of Montana, Defendants.**

**No. CV 78–36–M.**

United States District Court, D. Montana, Missoula Division.

Sept. 27, 1978.

**390**

James A. Cumming, Columbia Falls, Mont., for plaintiff.

John A. Meredith, Legal Div., Dept. of Revenue, Joan Uda, Dept. of Social & Rehabilitation Services, Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, Helena, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

The complaint in this action alleges a deprivation of plaintiff's constitutional rights in connection with the state and county management of the Aid to Dependent Children program.

■ The motions of the State of Montana, the Department of Social and Rehabilitation Services, and the Department of Revenue, to dismiss are granted without leave to amend. Under the 11th amendment to the United States Constitution, a state, in the absence of a waiver, is immune from suits brought against it in the federal courts by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). While art. II, § 18 of the Montana Constitution provides that "[t]he state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property, except as may be specifically provided by law by a ⅔ vote of each house of the legislature," immunity against damage for noneconomic loss is asserted by the State. R.C.M.1947, § 82–4334 provides in part that:

(1) Neither the state, a county, municipality, taxing district, nor any other political subdivision of the state is liable in tort action for:

(a) noneconomic damages . . .

. . . . .

(3) As used in this section:

(a) "economic damages" means tangible pecuniary losses;

(b) "noneconomic damages" means those damages not included in economic, punitive, or exemplary damages including, without limitation, damages for pain and suffering, loss of consortium, mental distress, and loss of reputation.

Only noneconomic loss is claimed here, *i. e.*, damages for harassment and humiliation, and the State has immunity.[1]

■ The motion to dismiss of Flathead County is denied. The court has jurisdiction under 28 U.S.C. § 1331. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Gray v. Union County Intermediate Education District*, 520 F.2d 803 (9th Cir. 1975); *Boucher v. Dramstad*, CV 76–121–HG (D.Mont., Jan. 28, 1977).

1. No opinion is expressed as to whether, in view of R.C.M.1947, §§ 82–4320 and 82–4321, immunity is waived only as to suits in state courts.

It is urged that damages in the amount of $10,000.00 are not shown. Plaintiff alleges that the amount in controversy exceeds $100,000.00. *See Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).